IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03046-CMA-MEH

ARK CONSTRUCTION SERVICES, INC., and
AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin corporation,

Plaintiffs,

v.

NATIONAL FIRE & MARINE INSURANCE COMPANY, a Nebraska corporation,

Defendant.

---

**SCHEDULING ORDER**

---

**1. DATE OF CONFERENCE
AND APPEARANCES OF COUNSEL AND *PRO SE* PARTIES**

The Scheduling Conference was held on February 21, 2012.

Plaintiffs Ark Construction Services, Inc. and American Family Mutual Insurance Company: L. Kathleen Chaney and Jerad A. West with Lambdin & Chaney, LLP, 4949 S. Syracuse Street, Suite 600, Denver, Colorado 80237, 303-799-8889.

Defendant National Fire & Marine Insurance Company: Peter J. Morgan and Tory D. Riter with Baldwin, Morgan & Rider, P.C., 1512 Larimer Street, Suite 450, Denver, Colorado 80202, 303-623-1832.

**2. STATEMENT OF JURISDICTION**

Jurisdiction is proper in the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds, exclusive of interest and costs, the sum

specified in 28 U.S.C. § 1332.

**3. STATEMENT OF CLAIMS AND DEFENSES**

a. Plaintiffs: On March 24, 2008, D.R. Horton, Inc. filed a Third Party Complaint in Arapahoe County District Court, Colorado, case number 2007cv2125, against Ark Construction Services, Inc. ("Ark") and other subcontractors ("Prairie Ridge Lawsuit"). The Prairie Ridge Lawsuit is a construction defect suit related to a 172-unit condominium community arising out of claims the Prairie Ridge at Saddle Rock East Condominium Association, Inc. ("the HOA") filed against D.R. Horton.

In the Prairie Ridge Lawsuit, the HOA alleged that D.R. Horton and its subcontractors built, developed, sold and worked on the units and common elements, and that after the property had been put to its intended use, property damage resultant from certain construction defects became apparent at particular locations in the community.

D.R. Horton filed pass-through claims against its subcontractors, including Ark, and asserted the following claims for relief: breach of contract, breach of express warranty, contractual indemnification, contribution, negligence, breach of implied warranty of habitability (assigned from the HOA) and negligence (assigned from the HOA).

Ark is a named insured under commercial general liability policies with American Family and Defendant National Fire. American Family is providing a defense to Ark under a reservation of rights. National Fire denied the tender of defense and has refused to defend Ark in the Prairie Ridge Lawsuit.

Plaintiffs filed this action pursuant to 28 U.S.C. § 2201 and Fed.R.Civ.P. 57 for

declaratory judgment that National Fire & Marine has a duty to defend Plaintiff Ark Construction Services, Inc. in the Prairie Ridge Lawsuit, and has a duty to share on a pro rata basis with American Family in the defense of the Prairie Ridge Lawsuit.

b. Defendant: This is an insurance coverage dispute. National Fire issued two consecutive commercial general liability policies to Ark Construction Service, including Policy Number 72LP 166820 for the policy period of February 11, 2005 to February 11, 2006 and Policy Number 72LP 170113 for the policy period of February 11, 2006 to February 11, 2007.

On November 13, 2008, National Fire received notice that Ark had been named as a Third Party Defendant in the Prairie Ridge Lawsuit. Because all of Ark's construction work was performed prior to the effective date of the first National Fire policy, National Fire denied the claim. Specifically, pursuant to Endorsement M5107 (Prior Work Exclusion) contained in the National Fire policies, there is no coverage (or defense obligation) for the claims of D.R. Horton and/or the underlying homeowners that involved "property damage" or "bodily injury" arising out of, resulting from, caused or contributed to, directly or indirectly by any work by or on behalf of Ark or any of Ark's subcontractor(s) performed prior to February 11, 2005.

In addition to Endorsement M5107, National Fire asserts the following defenses as well as those more thoroughly explained in its coverage correspondence to the insureds and the Answer filed in this case:

- There is no coverage (or defense obligation) under the National Fire insurance policies to the extent the claims of D.R. Horton and/or the underlying homeowners involve "property damage" or "bodily injury" which commenced in whole or in part prior to the first day of the policy period of the National Fire policies, pursuant to Endorsement M5076 (Exclusion of Damages Commencing Prior to Policy Period).

- There is no coverage (or defense obligation) under the National Fire insurance policies to the extent the insureds requested American Family or any other insurer (whose policy incepted prior to the first day of the National Fire policies) to defend, pay or indemnify any amount or otherwise respond to the claims of the underlying homeowners, pursuant to Endorsement M5076 (Exclusion of Damages Commencing Prior to Policy Period).

- There is no coverage (or defense obligation) under the National Fire insurance policies to the extent the insureds' subcontractors and independent contractors did not comply with the indemnification and insurance requirements of Endorsement M5095 and M5095a (Independent Contractors & Sub-Contractors Coverage Requirement – Exclusion).

- There is no defense obligation under the National Fire insurance policies to the extent the insureds have requested that American Family provide a defense to the underlying claim, or to the extent that American Family is providing a defense, per the Election of Insurance Carrier for Defense, Limited Duty to Defend Broad Form Limitation endorsement in the National Fire policies and the Limitation on Duty to Defend and Limitation on Supplementary Payments Endorsement (Endorsement M5077 and M5077a).

- Pursuant to the Other Insurance Endorsements in the National Fire policies, M4685a and M4685c, National Fire is excess over any other valid and collectible insurance and to the extent National Fire has any coverage obligation it would not apply unless and until all primary insurance is exhausted.

- Pursuant to the Other Insurance Endorsement in the National Fire policy number 72 LP 166824, M4685a, National Fire has no duty to

defend the insured against any suit if any other insurer has a duty to defend the insured.

- There is no coverage (or defense obligation) under the National Fire insurance policies to the extent the claims of D.R. Horton and/or the underlying homeowners fall within the "your work," "your product," or "business risk" exclusions in the policy.

- There is no coverage (or defense obligation) under the National Fire insurance policies to the extent the claims of D.R. Horton and/or the underlying homeowners do not result from an "occurrence" as that term is defined in the National Fire policies, or do not meet the policy definitions of "property damage" or "bodily injury".

As neither D.R. Horton nor the underlying homeowners are parties to this case, the declaratory judgment action cannot fully "settle the controversy" as National Fire could prevail on the merits here and still wind up facing a garnishment action from the underlying plaintiffs following a judgment against the insured in the construction defect case. See State Farm Fire & Cas. Co. v. Mhoon, 31 F.3d 979, 983 (10th Cir. 1994) (one issue to be considered is whether the declaratory judgment would "settle the controversy"). Because Plaintiffs have not named all parties with an interest in the coverage issues, this declaratory judgment action should not proceed.

In addition to those defenses addressed above, National Fire incorporates the additional affirmative defenses stated in its Answer.

**4. UNDISPUTED FACTS**

1. Ark is a named insured under commercial general liability policies with National Fire & Marine Insurance Company for the following policy periods:

Policy #72LP 166829 February 11, 2005 to February 11, 2006
Policy #72LP 170113 February 11, 2006 to February 11, 2007

2. On March 24, 2008, D.R. Horton, Inc. – Denver (hereinafter referred to as "D.R. Horton") filed a Third Party Complaint in Arapahoe County District Court, case number 2007cv2125, against Ark and other subcontractors (hereinafter referred to as the "Prairie Ridge Lawsuit").

3. The defense of Ark in the Prairie Ridge Lawsuit was tendered to National Fire on November 13, 2008.

4. On November 26, 2008, National Fire denied the tender of defense based on Ark's work being performed prior to its policies as well as on the additional grounds stated in its denial letter.

## 5. COMPUTATION OF DAMAGES

1. Attorney fees and costs in defending the Prairie Ridge Lawsuit. Attorney fees currently total $53,972.45 and costs currently total $12,244.99.
2. Indemnification for any settlement or judgment in the underlying Prairie Ridge Lawsuit.
3 All attorneys' fees and costs allowed by law.
4. All pre and post judgment interest as allowed by law.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED.R.CIV.P. 26(f)

a. Date of Rule 26(f) meeting: January 31, 2012

b. L. Kathleen Chaney participated on behalf of the Plaintiffs. Tory Riter

participated on behalf of the Defendants.

c. Rule 26(a)(1) disclosures will be made on February 23, 2012.

d. No proposed changes under Fed.R.Civ.P. 26(a)(1).

e. There is no agreement to conduct informal discovery.

f. The parties will use a unified exhibit numbering system and have discussed filing dispositive motions on some issues based on stipulated facts.

g. The parties do not anticipate that this case will involve extensive electronically stored information.

h. The parties certify that settlement discussions are premature at this time but believe that settlement discussions may be appropriate after certain legal issues in this case are decided.

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

a. Any limits which any party wishes to propose on the number of depositions or interrogatories: The Parties agree to a limit of 25 interrogatories.

b. Any limits which any party wishes to propose on the length of depositions: The Parties agree to a limit of 7 hours per witness.

c. Limitations which any party proposes on number of requests for production of documents and/or requests for admissions: The Parties agree to a limit of

25 requests for production and 25 requests for admissions.

d. Other Planning or Discovery Orders: None at this time.

## 9. CASE PLAN AND SCHEDULE

Deadline for Joinder of Parties and Amendment of Pleadings: May 21, 2012.

Discovery Cut-off: September 21, 2012.

Dispositive Motion Deadline: October 1, 2012.

d. Expert Witness Disclosure: August 1, 2012 for Plaintiffs and September 4, 2012 for Defendant.

e. Identification of Persons to be Deposed/Deposition Schedule:

For the Plaintiff: 30(b)(6) witness for National Fire & Marine and D.R. Horton

For the Defendant: 30(b)(6) witness for Ark, American Family, and D.R. Horton.

f. Deadline for Interrogatories: August 22, 2012.

g. Deadline for Requests for Production of Documents and/or Requests for Admission: August 22, 2012.

## 10. DATES FOR FURTHER CONFERENCES

a. An early neutral evaluation will be held on April 24, 2012 at 10:00 o'clock a.m.

( ) *Pro se* parties and attorneys only need be present.

(X) *Pro se* parties, attorneys, and client representatives must be present.

(X) Each party shall submit a Confidential Statement to the magistrate judge on or before April 17, 2012 outlining the facts and issues, as well as the

strengths and weaknesses of their case.

b. Status conferences will be held in this case at the following dates and times:
______________________________________

c. A final pretrial conference will be held in this case on December 4, 2012 at 9:30 a.m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a. A statement of those discovery or scheduling issues, if any, on which counsel, after a good-faith effort, were unable to reach an agreement: None.

b. Anticipated length of trial and whether jury is to the court or jury: If the issues are not fully decided on motion, the parties anticipate a three-day jury trial.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all pro se parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to the case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

**13. AMENDMENTS TO SCHEDULING ORDER**

The Scheduling Order may be altered or amended only upon a showing of good cause.

DATED this 21st day of February, 2012, in Denver, Colorado.

BY THE COURT:

S/Michael E. Hegarty
United States Magistrate Judge

Approved:

s/ *L. Kathleen Chaney*

L. Kathleen Chaney
**LAMBDIN & CHANEY, LLP**
4949 South Syracuse Street, Suite 600
Denver, CO 80237
(303) 799-8889
(303) 799-3700 (facsimile)
kchaney@lclaw.net
aju@lclaw.net
*Attorneys for Plaintiffs Ark and American Family*

s/ *Tory D. Riter*

Peter J. Morgan
Tory D. Riter
Baldwin, Morgan & Rider, P.C.
1512 Larimer Street, Suite 450
Denver, CO 80202
(303) 623-1832
peter@bmrpc.com
tory@bmrpc.com
*Attorneys for Defendant National Fire*